FILED
DISTRICT COURT CLERK
WESTERN DISTRICT OF KY
2017 JUN 14 PM 2: 19

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

UNITED STATES OF AMERICA

v.

INDICTMENT

NO. 4:17-CR-12-JHM
18 U.S.C. § 1341
18 U.S.C. § 1349
18 U.S.C. § 1957
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(1)
21 U.S.C. § 853
28 U.S.C. § 2461

**RICHARD G. MAIKE**
**ANGELA R. LEONARD-MAIKE**
**DOYCE G. BARNES**
**RICHARD J. ANZALONE**
**FARADAY N. HOSSIENIPOUR**
**DENNIS DVORIN**
**JASON L. SYN**
**FINANCE VENTURES, LLC**
**d/b/a Infinity 2 Global**
**d/b/a I2G**

The Grand Jury charges:

A. INTRODUCTORY ALLEGATIONS

1. From on or about and between February 6, 2013, and continuing to on or about September 30, 2014, the defendants, **RICHARD G. MAIKE**, **DOYCE G. BARNES**, **RICHARD J. ANZALONE**, **FARADAY N. HOSSIENIPOUR**, **DENNIS DVORIN**, and **JASON L. SYN**, and others known to the grand jury ("the co-conspirators") engaged in a $25 million dollar "pyramid" scheme, operating under the name **Infinity 2 Global** or **I2G**, by representing that investors would receive a return on investment based upon an on-line internet gaming site called i2gcasino.com.

2. **MAIKE, BARNES, ANZALONE, HOSSIENIPOUR, DVORIN, SYN,** and others unnamed in this Indictment, falsely represented that **Infinity 2 Global**, or **I2G**, was generating massive profits from its on-line internet gambling site and that the public could share in such profits through the purchase of a $5,000 "Emperor" position in **I2G**. In truth and in fact,

**Infinity 2 Global's** purported profits were bogus, and **I2G** was operating as a fraudulent pyramid scheme in which inflated returns were paid to early promoters in order to induce later victim-investors to invest in the company.

3. As a result of the co-conspirators' scheme and artifice to defraud, victims worldwide lost at least $16 million.

**B. RELEVANT ENTITIES AND INDIVIDUALS**

4. On or about February 6, 2013, Defendant, **RICHARD G. MAIKE**, a resident of Owensboro, Kentucky, in Daviess County, Kentucky, incorporated **FINANCE VENTURES, LLC** (hereinafter "**FINANCE VENTURES**") in Wyoming. **MAIKE** was the Owner and President of **FINANCE VENTURES**. Defendant, **DOYCE BARNES**, was a co-Owner of **FINANCE VENTURES**.

5. On or about July 15, 2013, Defendant, **RICHARD G. MAIKE**, registered **INFINITY 2 GLOBAL** with the Wyoming Secretary of State's Office as the business trade name for **FINANCE VENTURES.** Defendants, **RICHARD G. MAIKE** and his wife, Defendant **ANGELA R. LEONARD-MAIKE**, operated **Infinity 2 Global**, from their residence on Briarcliff Trace in Owensboro, Kentucky. **MAIKE** registered the office of his accountant on Frederica Street as the principal office for **FINANCE VENTURES**.

6. Defendant, **DOYCE R. BARNES,** was a resident of North Carolina, and a co-owner of **FINANCE VENTURES**, and promoted **I2G** to victim investors.

7. Defendant, **RICHARD J. ANZALONE** was a resident of California, and promoted **I2G** to victim investors.

8. Defendant, **FARADAY N. HOSSENIOUPOUR**, was a resident of Florida, and promoted **I2G** to victim investors.

9. Defendant, **DENNIS DVORIN**, was a resident of California, and promoted **I2G** to victim investors.

10. Defendant, **JASON L. SYN**, was a resident of California, and promoted **I2G** to victim investors.

11. **Infinity 2 Global**, or **I2G**, was purportedly a multi-level direct marketing company, which offered an "Infinite Opportunity" plan with five ways to earn commissions. A person could join **I2G** as an "Independent Business Owner" (or IBO), by purchasing one of four Earning Ranks – Novice, Player, High Roller or Emperor – for $119.95, $419.95, 619.95, or $5,019.95, respectively. The $19.95 portion of the new member fee was for access to **I2G's** "product" the **I2G** Touch, a software program intended to combine, or aggregate, different social media applications onto one screen. Selling the **I2G** product alone generated no commissions for an **I2G** member. Instead, new members could earn commissions through various recruitment bonuses, leadership pools, and through **I2G's** Binary Income compensation scheme through which an IBO generated commission payments by recruiting new members to buy into the company who then became part of the recruiter's "downline."

12. **I2G** also induced victim-investors to join **I2G** by promising profit sharing in the revenue of **I2G's** online casino - i2gcasino.com. The **I2G** Infinite Opportunity Plan offered the Revenue Share only to members who started out with the $5,000 Emperor Package. Victim-investors were told that purchasing from a limited offering of 5,000 Emperor positions would entitle the purchaser to begin immediately sharing in 50% of the on-line casino profits with other Emperors, and without the necessity of recruiting any new members into the company.

C. SCHEME AND ARTIFICE TO DEFRAUD

13. Defendants, **RICHARD G. MAIKE**, **DOYCE R. BARNES**, **RICHARD J. ANZALONE**, **FARADAY N. HOSSIENIPOUR**, **DENNIS DVORIN**, and **JASON L. SYN,** and others known and unknown to the Grand Jury, represented that, through **Infinity 2 Global** or **I2G,** victim-investors who purchased one of the limited number of Emperor positions would share among themselves 50% of I2G's monthly on-line casino revenue.

14. The Defendants, **RICHARD G. MAIKE**, **DOYCE R. BARNES**, **RICHARD J. ANZALONE**, **FARADAY N. HOSSIENIPOUR**, **DENNIS DVORIN**, and **JASON L. SYN,** and others known and unknown to the Grand Jury, promoted **I2G** through conference calls where participants dialed in to hear details about **I2G** and the Emperor investment from Defendant **MAIKE** and other co-conspirators who made false representations about the profit and income of **I2G** and encouraged others to invest money, and to recruit others to join as well. based on the easy income opportunity.

15. Defendant, **RICHARD G. MAIKE** and others organized and attended promotional meetings at various locations where victim-investors came to hear about **I2G** in person. During these meetings, **MAIKE** falsely represented that **I2G**'s on-line casino was profitable, and that **Infinity 2 Global** was going to have sales in excess of $300 million in 2014. Extremely large faux checks were presented by Defendant **MAIKE** to various co-conspirators during these meetings which were represented to be **I2G** earned commission payments, and which were used to induce others to invest in the purportedly easy income opportunity.

16. Defendant, **RICHARD G. MAIKE** and the other co-conspirators also used websites and YouTube videos to make false and misleading statements about the profitability of **I2G** to recruit victim-investors when, in truth and in fact, the **I2G** on-line casino was generating

little to no profit in 2013 and 2014, and the substantial payments made to the co-conspirators who promoted the company were derived almost entirely from funds coming in from later victim-investors.

17. Between February 6, 2013, and September 30, 2014, Defendant **RICHARD G. MAIKE**, received and deposited approximately $16 million from victim-investors for the purchase of Emperor positions in **I2G**. During the same period, over $4 million in monies received from victim-investors were diverted by Defendant **MAIKE** for personal use and for the purchase of real property in Kansas. In addition, payments derived from the investments made by victims into **I2G** were made in the following approximate amounts:

a. $325,000 to Defendant **DOYCE G. BARNES;**

b. $800,000 to Defendant **RICHARD G. ANZALONE;**

c. $800,000 to Defendant **FARADAY N. HOSSSEINIPOUR;**

d. $570,000 to Defendant **DENNIS DVORIN;**

e. $1,500,000 to Defendant **JASON L. SYN.**

18. Victim-investors who purchased an Emperor position sent money, primarily in the form of cashier's check, to **Infinity 2 Global** at Defendant **MAIKE'S** Briarcliff Trace address in Owensboro, Kentucky, by United States Postal Service, Federal Express, or other commercial interstate carrier.

**COUNT 1**
(Conspiracy to Commit Mail Fraud)

19. The Grand Jury realleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 18 of the Indictment, and further alleges that:

20. Beginning on or about February 6, 2013, and continuing through on or about September 30, 2014, in the Western District of Kentucky and elsewhere, the Defendants,

**RICHARD G. MAIKE**, **DOYCE L. BARNES**, **RICHARD J. ANZALONE**, **FARADAY N. HOSSIENIPOUR**, **DENNIS DVORIN**, and **JASON L. SYN** did knowingly combine, conspire, confederate and agree with others, known and unknown to the Grand Jury, to commit offenses against the United States, including violations of Title 18, United States Code, Section 1341 (mail fraud).

21. In furtherance of the conspiracy and to achieve the object thereof, the Defendants, **RICHARD G. MAIKE**, **DOYCE L. BARNES**, **RICHARD J. ANZALONE**, **FARADAY N. HOSSIENIPOUR**, **DENNIS DVORIN**, and **JASON L. SYN,** committed and caused to be committed the following overt acts by causing to be delivered by mail and by commercial interstate carrier according to the direction thereon cashier's checks for the purchase of **Infinity 2 Global** or **I2G** Emperor memberships on the dates and in the amounts set forth below:

| Victim-Investor | Date | Amount |
|---|---|---|
| K.H. | 06/21/2013 | $5,000 |
| K.H. | 06/24/2013 | $5,000 |
| J.A. | 06/17/2013 | $1,020 |
| J.A. | 07/22/2013 | $4,000 |
| Q.P. | 01/16/2014 | $5,019.50 |
| Q.P. | 01/16/2014 | $5,019.50 |
| Q.P. | 01/16/2014 | $5,019.50 |
| Q.P. | 01/16/2014 | $5019.50 |
| Q.P. | 01/23/2014 | $5,019.95 |
| Q.P. | 01/23/2014 | $5,019.95 |
| Q.P. | 01/23/2014 | $5,019.95 |

| Victim-Investor | Date | Amount |
|---|---|---|
| Q.P. | 01/23/2014 | $5,019.95 |
| Q.P. | 01/23/2014 | $5,019.95 |
| B.F. | 02/12/2014 | $5,000.00 |
| S.V. | 02/07/2014 | $5,000.00 |
| B.W. | 05/31/2014 | $5,019.95 |
| B.W. | 07/27/2014 | $5,019.95 |
| M.K. | 12/06/2013 | $20,079.80 |
| M.K. | 12/10/2013 | $100,399.00 |
| S.J. | 12/13/2013 | $5,019.95 |
| S.J. | 12/13/2013 | $5,019.95 |
| S.J. | 12/13/2013 | $5,019.95 |
| S.J. | 12/13/2013 | $5,019.95 |
| S.J. | 12/26/2013 | $5,019.95 |
| S.J. | 12/26/2013 | $5,019.95 |
| S.J. | 12/26/2013 | $5,019.95 |
| S.J. | 12/26/2013 | $5,019.95 |
| S.J. | 12/26/2013 | $5,019.95 |
| S.J. | 12/26/2013 | $5,019.95 |
| S.J. | 12/27/2013 | $5,019.95 |
| S.J. | 12/27/2013 | $5,019.95 |
| S.J. | 12/27/2013 | $5,019.95 |
| S.J. | 12/27/2013 | $5,019.95 |

| Victim-Investor | Date | Amount |
|---|---|---|
| S.J. | 12/30/2013 | $25,099.75 |

In violation of Title 18, United States Code, Sections 1341 and 1349.

The Grand Jury further charges:

**COUNTS 2-4**
(Money Laundering)

22. The Grand Jury incorporates herein by reference all allegations contained in paragraphs 1 through 21 of this Indictment.

23. On or about the dates listed below, in the Western District of Kentucky, Daviess County, Kentucky, and elsewhere, the Defendant, **RICHARD G. MAIKE**, aided and abetted by Defendant, **ANGELA R. LEONARD-MAIKE**, knowingly engaged in the monetary transactions listed below in criminally derived property in an amount that was greater than $10,000, and which was derived from a specified unlawful activity, that is, mail fraud, in violation of Title 18, United States Code, Section 1341:

| Count | Date | Amount | Description |
|---|---|---|---|
| 2 | 11/20/2013 | $965,000 | Wire transfer from PNC (A/C 9374) to HSBC (A/C 3838) |
| 3 | 11/25/2013 | $965,000 | Wire transfer from HSBC (A/C 3838) to Chase (A/C 6309) |
| 4 | 11/26/2013 | $964,000 | Wire transfer from Chase (A/C 6309) to Charles Wilson Title |

In violation of Title 18, United States Code, Section 1957.

The Grand Jury further charges:

**COUNTS 5-9**
(Money Laundering)

24. The Grand Jury incorporates herein by reference all allegations contained in paragraphs 1 through 23 of this Indictment.

25. On or about the dates listed below, in the Western District of Kentucky, Daviess County, Kentucky, and elsewhere, the Defendant, **RICHARD G. MAIKE**, knowingly engaged in the monetary transactions listed below in criminally derived property in an amount that was greater than $10,000, and which was derived from a specified unlawful activity, that is, mail fraud, in violation of Title 18, United States Code, Section 1341:

| Count | Date | Amount | Description |
|---|---|---|---|
| 5 | 04/10/2014 | $1,360,000 | Wire transfer from HSBC (A/C 3838) to ESB RAW Ventures (A/C 1304) |
| 6 | 04/11/2014 | $1,372,971 | Wire transfer from ESB RAW Ventures (A/C 1304) to Charles Wilson Title |
| 7 | 04/29/2014 | $500,000 | Wire transfer from HSBC (AC 3838) to ESB RAW Ventures (A/C 1304) |
| 8 | 04/30/2014 | $420,000 | Currency deposit to ESB RAW Ventures |
| 9 | 04/20/2014 | $920,000 | Wire transfer from ESB RAW Ventures (A/C 1304) to Charles Wilson Title |

In violation of Title 18, United States Code, Section 1957.

NOTICE OF FORFEITURE

As a result of committing offenses in violation of Title 18, United States Code, Sections 1341, 1349, and 1957, as alleged in this Indictment, the defendants shall forfeit to the United States, any and all property constituting or derived from proceeds the defendants obtained,

directly and indirectly, as a result of these offenses, and any and all property involved in the commission of these offenses (or traceable thereto), including but not limited to: One Hundred Fifty Three Thousand Eight Hundred Fifty Dollars ($153,850.00) in United States Currency; a Silver 2005 Rolls Royce Phantom, a four door automobile, VIN# SCA1S68455UX07739; and Real Property located at or near 00000 Tabor Lane, Manhattan, Riley County, Kansas, including all buildings and improvements thereon and appurtenances thereto, more particularly described below:

**REAL PROPERTY**

LAND IN RILEY COUNTY, KANSAS, BEING THE SOUTH HALF (S ½); SOUTH HALF OF THE NORTH HALF (S ½ N ½ ); NORTHEAST QUARTER (NE ¼ NE ¼ ) OF SECTION SIXTEEN (16), TOWNSHIP ELEVEN (11) SOUTH, RANGE (9) EAST OF THE 6TH PRINCIPALMERIDAN IN RILEY COUNTY, KANSAS. REFERENCE IS HEREBY MADE FOR A COMPLETE AND ACCURATE DESCRIPTION, REGISTER'S OFFICE FOR RILEY COUNTY, KANSAS. TAX ID NO. 081-285-16-0-00-00-001.00-0

BEING THE SAME PROPERTY CONVEYED TO RICHARD L. EDWARDS, LLC BY GENERAL WARRANTY DEED FROM FEDERAL LAND BANK WICHITA, C/O RICHARD AND JANICE EDWARDS, DATED 03/2008 AND RECORDED ON 03/2008 IN BOOK NO. 814, PAGE 2770, SAID REGISTER'S OFFICE FOR SAID COUNTY

ALSO BEING THE SAME PROPERTY CONVEYED TO FAE MOO MESA, LLC BY GENERAL WARRANTY DEED FROM FEDERAL LAND BANK WICHITA, C/O RICHARD AND JANICE EDWARDS, DATED 03/2008 AND RECORDED ON 03/2008 IN BOOK NO. 832, PAGE 7034 SAID REGISTER'S OFFICE FOR SAID COUNTY

Being the same property conveyed to RAW Ventures, LLC from Moo Mesa, LLC by General Warranty Deed dated 11/18/13 and recorded on 11/27/13, Book 857, Page 4623, in the Register's Office of RILEY County, Kansas.

LAND IN RILEY COUNTY, KANSAS, BEING ALL OF SECTION TWENTY (20), TOWNSHIP ELEVEN (11) SOUTH, RANGE NINE (9) BEST OF THE 6TH P.M., RILEY COUNTY KANSAS. TAX ID NO. 081-284-20-0-00-00-001.00-0; and

ALL OF SECTION TWENTY-ONE (21), TOWNSHIP ELEVEN (11) SOUTH, RANGE NINE (9) EAST OF THE 6TH P.M. RILEY COUNTY, KANSAS REFERENCE IS HEREBY MADE FOR A COMPLETE AND ACCURATE DESCRIPTION, REGISTER'S OFFICE FOR RILEY COUNTY, KANSAS. TAX ID NO. 081-285-21-0-00-00-001.00-0

BEING THE SAME PROPERTY CONVEYED TO FAE MOO MESA, LLCS, BY GENERAL WARRANTY DEED FROM FRANK W. HAWK, TRUST AND DOROTHY M. HAWKS, TRUST, DATED 01/2007 AND RECORDED ON 01/2007 IN BOOK NO. 770, PAGE 280, SAID REGISTER'S OFFICE FOR SAID COUNTY

ALSO BEING THE SAME PROPERTY CONVEYED TO MOO MESA, LLC BY GENERAL WARRANTY DEED FROM FAE MOO MESA, LLC, DATED 07/2007 AND RECORDED ON 07/2007 IN BOOK NO. 770, PAGE 280 SAID REGISTER'S OFFICE FOR SAID COUNTY

Being the same property conveyed to RAW Ventures, LLC from Moo Mesa, LLC by General Warranty Deed dated 03/13/14 and recorded on 05/01/14, Book 858, Page 7272, in the Register's Office of RILEY County, Kansas.

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), Title 21, United States Code, Section 853, Title 28, United States Code, Section 2461.

A TRUE BILL.

**REDACTED**

JOHN E. KUHN, JR.
UNITED STATES ATTORNEY

JEK:mjf

UNITED STATES OF AMERICA v **RICHARD G. MAIKE, ET. AL.**

**PENALTIES**

Count 1: NM 20 yrs./$250,000/both/NM 5 yrs. Supervised Release
Counts 2-9: NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release (each count)
Forfeiture

**NOTICE**

**ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.**

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

Misdemeanor: $ 25 per count/individual
$125 per count/other

Felony: $100 per count/individual
$400 per count/other

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due immediately unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following**:

1. **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

   For offenses occurring after December 12, 1987:

   No **INTEREST** will accrue on fines under $2,500.00.

   **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

   **PENALTIES** of:

   10% of fine balance if payment more than 30 days late.

   15% of fine balance if payment more than 90 days late.

2. Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3. Continuous **GARNISHMENT** may apply until your fine is paid.

18 U.S.C. §§ 3612, 3613

If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law. 18 U.S.C. § 3663

APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1. That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2. Give bond for payment thereof.

18 U.S.C. § 3572(g)

PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U.S. District Court and delivered to the appropriate division office listed below:

| | |
|---|---|
| LOUISVILLE: | Clerk, U.S. District Court<br>106 Gene Snyder U.S. Courthouse<br>601 West Broadway<br>Louisville, KY 40202<br>502/625-3500 |
| BOWLING GREEN: | Clerk, U.S. District Court<br>120 Federal Building<br>241 East Main Street<br>Bowling Green, KY 42101<br>270/393-2500 |
| OWENSBORO: | Clerk, U.S. District Court<br>126 Federal Building<br>423 Frederica<br>Owensboro, KY 42301<br>270/689-4400 |
| PADUCAH: | Clerk, U.S. District Court<br>127 Federal Building<br>501 Broadway<br>Paducah, KY 42001<br>270/415-6400 |

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.

FILED
DISTRICT COURT CLERK
WESTERN DISTRICT OF KY
2017 JUN 14 PM 2:19

FORM DBD-34
JUN.85

No. 4:17-CR-12-JHM

# UNITED STATES DISTRICT COURT

Western District of Kentucky
Owensboro Division

THE UNITED STATES OF AMERICA

vs.

**RICHARD G. MAIKE, ET AL.,**

## INDICTMENT

**18 U.S.C. § 371;**
**18 U.S.C. § 1957;**
**Conspiracy to Commit Mail Fraud**
**Unregistered Securities in Interstate Commerce;**
**Money Laundering**

*A true bill.*

**REDACTED**

*Filed in open court this 14* day, of June, 2017.

*Clerk*

*Bail, $*